UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK D. HARTMAN,

    Petitioner,

v.

MARY BERGHUIS,

    Respondent.

_____/

Case No. 1:12-cv-1015

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner, who is represented by counsel in this action, raised five grounds for relief. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition (Dkt 31). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 32). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

**I. OBJECTIONS**

As a threshold matter, Petitioner objects to the Magistrate Judge's statement of the standard of review regarding the proper deference to lower federal court decisions pursuant to 28 U.S.C.

§ 2254(d) (Pet'r Obj., Dkt 32 at 2-3, citing *Williams v. Wolfenbarger*, 513 F. App'x 466, 469 (6th Cir. 2013) ("[C]ourts may look to the decisions of lower federal courts to assess whether a principle has been 'clearly established'"); R&R, Dkt 3 at 8-10). However, other than merely opining that the holding in *Williams* constitutes a "more accurate" statement of the standard of review, Petitioner does not demonstrate how his argument reveals any analytical error by the Magistrate Judge. Therefore, his objection is denied.

Second, Petitioner objects to the Magistrate Judge's summary of the grounds raised in his habeas corpus petition. Specifically, Petitioner complains that the Magistrate Judge recited the questions presented from his brief in support of his petition rather than the grounds included in his petition (Pet'r Obj., Dkt 32 at 3). However, Petitioner has again failed to demonstrate how his argument reveals any analytical error by the Magistrate Judge. Therefore, this objection is also denied.

Petitioner also proffers an objection to the recommended resolution of each of his five grounds presented, which the Court examines in turn:

**GROUND I:  Scoring of PRV 7 and Imposition of Consecutive Sentences**

Petitioner pleaded no contest in two separate criminal cases to unlawful imprisonment and threatening a witness. The trial court sentenced Petitioner to consecutive prison terms of five to fifteen years for the unlawful imprisonment charge and seven to fifteen years for the threatening-a-witness charge. The threatening-a-witness charge concerns conduct by Petitioner while he was in custody for the unlawful imprisonment charge. In his first ground presented for habeas relief,

Petitioner asserted that the scoring of PRV 7 and imposition of cumulative sentences violated his due process, double jeopardy, and equal protection rights.[1]

**A.      Due Process**

Petitioner challenges the Magistrate Judge's due process analysis as inadequate. Specifically, Petitioner argues that "[t]he legal analysis in the report and recommendation does not, even once, reference the Due Process double-counting or rule of lenity Due Process arguments presented by [Petitioner]" (Pet'r Obj., Dkt 32 at 7-8). However, the Magistrate Judge properly concluded that neither Petitioner's scoring claim nor his issue about whether he was properly sentenced to consecutive terms are generally cognizable claims for purposes of habeas corpus review (R&R, Dkt 31 at 12). And Petitioner does not address the Magistrate Judge's ultimate conclusion that his sentence is not so disproportionate to the crime as to be arbitrary or shocking and thereby implicate the Due Process Clause (*id.* at 13). Therefore, Petitioner's objection is properly denied.

In any event, Petitioner's arguments do not support the finding of a due process violation. Petitioner has failed to show how his sentence is the product of "double counting" where his sentence is based on two separate charges as a result of two separate, although related, instances of conduct. *See United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1990) (holding that "impermissible 'double counting' occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways"). Nor has Petitioner shown that the relevant sentencing provisions were sufficiently ambiguous or vague in order to give rise to a rule of lenity claim. *See United States v. Batchelder*, 442 U.S. 114, 123 (1979) (holding that "[s]o long as

---

[1] Petitioner also asserts that there are discrepancies in the Report and Recommendation's "historical factual statements" (Pet'r Obj., Dkt 32 at 22-23). However, the purported discrepancies do not affect the analysis or outcome in this case.

overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied").

**B.     Double Jeopardy**

Petitioner next objects to the Magistrate Judge's conclusion that the trial court's imposition of consecutive sentences and scoring of points under PRV 7 did not violate the Double Jeopardy Clause (Pet'r Obj., Dkt 32 at 8-9). However, Petitioner's objection essentially reiterates the same argument he presented in his petition. Petitioner's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis, only Petitioner's dissatisfaction with, and general objection to, the Magistrate Judge's recommendation. Therefore, Petitioner's objection is properly denied. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections").

**C.     Equal Protection**

Petitioner also objects to the Magistrate Judge's conclusion that Petitioner is not entitled to relief pursuant to the Equal Protection Clause (Pet'r Obj., Dkt 32 at 9-10). However, again, Petitioner's objection essentially reiterates the argument presented in his petition. Petitioner's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis. Therefore, Petitioner's objection is properly denied. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections").

## GROUND II:  *Apprendi/Blakely*

Petitioner objects to the Magistrate Judge's conclusion that Petitioner's sentence does not violate the Sixth Amendment and the Due Process Clause pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).  Specifically, Petitioner argues that

> (a) for purposes of *Blakely*, the maximum sentence is based on the longest sentence the trial court may impose without additional factfinding (regardless of whether the factfinding is based on a sentencing guideline or a statute--and regardless of how Michigan labels a sentence as "maximum"); (b) in each case, under the Michigan scheme, [Petitioner] could not be sentenced beyond a one-year flat sentence (either 11 or 12 months) without additional factfinding if PRV 7 had been scored at zero; and (c) the Sixth Circuit specifically indicated, in one of the cases cited by the report and recommendation on pg. 19, that it was not reaching the issue that [petitioner] presents herein and that the issue remains an open one in the Sixth Circuit.

(Pet'r Obj., Dkt 32 at 11).  However, as discussed *supra*, Petitioner has failed to establish that PRV 7 was improperly scored at ten points, which renders the rest of his argument moot.  Therefore, Petitioner's objection is properly denied.

## GROUND III:  Sixth Amendment Right to Retained Counsel of Choice

Petitioner also objects to the Magistrate Judge's conclusion that Petitioner's Sixth Amendment right to counsel of choice was not violated when the trial court judge refused to grant a continuance for substitution of counsel on the day of the sentencing hearing (Pet'r Obj., Dkt 32 at 21).  Petitioner argues that the reason the Magistrate Judge suggested—"possible indefinite delay" (R&R, Dkt 31 at 26)—was "not part of the trial court's reasons for denying the adjournment" and that the trial court's reasons for denying a continuance were impermissible (Pet'r Obj., Dkt 32 at 18-21).

Petitioner's argument is without merit.

The Magistrate Judge correctly analyzed the trial court's denial of a continuance of the sentencing hearing for substitution of counsel (R&R, Dkt 31 at 25-26). The Magistrate Judge considered not only the delay but also additional factors, including: (1) Petitioner's failure to request substitute counsel until the day of the sentencing hearing; (2) no appearance yet filed by substitute counsel on behalf of Petitioner; (3) Petitioner's current attorney's readiness to proceed with sentencing and Petitioner's failure to express any dissatisfaction with his attorney at any prior point of the proceedings; and (4) the trial court's possession of information about Petitioner's bipolar disorder, including that Petitioner was not taking his medication at the time of the offenses (*id.*). As a result, the Magistrate Judge properly concluded that the trial court's denial of a continuance for substitution of counsel was not unreasonable and did not violate Petitioner's Sixth Amendment rights. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (indicating that the Supreme Court has recognized a trial court's "wide latitude in balancing the right to counsel of choice against the needs of fairness, ... and against the demands of its calendar") (citing *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)). Therefore, Petitioner's objection is properly denied.

### GROUND IV:  Due Process

Petitioner objects to the Magistrate Judge's treatment of his fourth ground presented that his due process rights were also violated when the trial court judge "prejudged" the proposed assessment report (Pet'r Obj., Dkt 32 at 14-15). Petitioner argued that he is entitled to resentencing before a different judge (*id.* at 15). The Magistrate Judge rejected Petitioner's argument, concluding that Petitioner was not entitled to resentencing before a different judge as "there was no constitutional violation that would warrant resentencing" (R&R, Dkt 31 at 26).

In his objections, Petitioner asserts that the "prejudging of the proposed medical assessment ... is a stand[-]alone claim that entitles him to relief" (Pet'r Obj, Dkt 32 at 15). According to Petitioner, "[w]hile the prejudging of the proposed assessment is ... relevant to the Sixth Amendment right to retained counsel issue, it is [also] an independent Due Process claim" (*id.* at 14-15).

Petitioner's objection does not demonstrate that a result other than the Magistrate Judge's recommendation is warranted. The trial court's reasons for denying Petitioner a continuance, delineated *supra*, serve equally to demonstrate that the denial was not so arbitrary as to deny Petitioner due process of law. *See generally Ungar v. Sarafite*, 376 U.S. 575, 590-91 (1964) (instructing that whether the denial of a continuance is so arbitrary as to violate due process depends on the circumstances present in each particular case and observing that "the fact that something is arguable does not make it unconstitutional"). Therefore, Petitioner's objection is denied.

## GROUND V:  *Apprendi/Blakely*

Last, Petitioner argues that the Magistrate Judge incorrectly concluded that Petitioner's sentence did not "violate the *Apprendi* line of cases and, more specifically *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013)], as [Petitioner] was unconstitutionally subjected to mandatory minimums under the Michigan sentencing guidelines based on judicial factfinding under the preponderance of the evidence standard" (Pet'r Obj., Dkt 32 at 12). However, the Magistrate Judge correctly concluded that because *Alleyne* had not been decided when Petitioner's case was decided in the state courts, that decision does not constitute "clearly established" Supreme Court precedent relevant to habeas review (R&R, Dkt 31 at 20, citing *Onifer v. Tyszkiewicz*, 255 F.3d 313, 317-18 (6th Cir. 2001) ("our inquiry is limited to an examination of the legal landscape as it would have appeared to

the Michigan state courts in light of Supreme Court precedent at the time [the] conviction became final")).

## II.  CERTIFICATE OF APPEALABILITY

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 32) are DENIED and the Report and Recommendation (Dkt 31) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: September 29, 2015             /s/ Janet T. Neff
                                                              JANET T. NEFF
                                                              United States District Judge